## Factoryville and Abington Turnpike and Plank Road.

*Turnpike roads—Condemnation proceedings—Act of June 2, 1887, P. L. 306.*

Under the Act of June 2, 1887, P. L. 306, no one county of the commonwealth can be compelled to pay for any portion of a turnpike road lying within the limits of another county. On certiorari in condemnation proceedings under the 6th section of the act, the appellate court cannot examine the question as to what extent the jury of view should have considered

the reduced value of a portion of the turnpike road lying in one county by reason of a taking of a portion lying in another county. If the company is dissatisfied with the amount of the damages, it has its remedy under the 8th section of the act by an appeal to the court of common pleas.

In proceedings to condemn a turnpike road under the Act of June 2, 1887, P. L. 306, a description of the road in the petition is sufficient which sets forth that the road begins at one of the terminal points of the said turnpike, and is continuous therefrom to a line between a borough named in one county and a borough named in another county.

Section 5 of the Act of June 2, 1887, P. L. 306, does not require a map of the entire turnpike road to be attached to the report of the jury of view, but a map of only so much thereof as will show "definitely the points between which the same is condemned for public use."

Argued Jan. 16, 1902. Appeal, No. 35, Jan. T., 1902, by Factoryville and Abington Turnpike and Plank Road, from order of Q. S. Lackawanna Co., dismissing exceptions to report of jury of view condemning a turnpike road, In re Condemnation of the Factoryville and Abington Turnpike and Plank Road. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Exceptions to report of jury of view condemning a turnpike road.

The petition for the appointment of viewers averred:

That the Factoryville and Abington Turnpike and Plank Road is a road or highway upon which tolls are charged the traveling public under a special law dated March 5, 1867, and its supplements. That said road or highway is located in part in the said county of Lackawanna, to wit: Beginning at or near the Methodist church, in the village of Chinchilla, county of Lackawanna, said point being at the junction of the said Factoryville and Abington Turnpike and Plank Road with the Providence and Abington Turnpike, and ending at the county line, said line being the division line between the borough of La Plume, in the county of Lackawanna, and the borough of Factoryville, in the county of Wyoming. That said highway or road is one continuous line and passes through the township of South Abington, and the boroughs of Glenburn, Dalton and La Plume, in said county of Lackawanna. That it would be for the best interest of the people of said county, for so much of said turnpike, road or highway as lies

in Lackawanna county to become a public road, free from tolls and toll gates, and praying the court to appoint a jury of view, to view and condemn so much of said turnpike, road or highway as lies in the county of Lackawanna, for public use, free from tolls and toll gates, and assess the damages to which the owner or owners thereof may be entitled therefore, filed.

The jury of view appointed under the petition awarded to the company the sum of $8,500.

The company filed, inter alia, the following exceptions:

1. The petition should have set forth the entire length of the road, and given a full description of it.

3. The report and proceedings are irregular and void, because of the verdict, the portion of the Factoryville and Abington Turnpike and Plank Road lying in the county of Lackawanna is condemned and damages are awarded for that portion, at $8,500. The remainder of the turnpike as shown by the evidence of H. W. Northup, president of the company, lies within the borough of Factoryville. Under the Act of June 5, 1893, P. L. 329, the remainder of the road is worthless to the company. The act of 1893 prohibits its use as a toll road. The respondent has no remedy for the damages caused by the taking and freeing that portion of the road from tolls.

8. The Act of June 2, 1887, section 5, P. L. 306, requires, among other things, that the jury report as follows : " Whether or not the entire turnpike, road or highway is located in the petitioners' county, and if not, what proportion is so located, and whether or not it is for the best interests of the people of the petitioners' county for the turnpike, road or highway, or a part thereof, to be made free from tolls and tollgates, and whether or not the same is condemned, by such jury of view for public use, free from tolls and tollgates, and if the whole of said turnpike, road or highway lying in the petitioners' county is not condemned, but only a part thereof, then such part shall be clearly designated and described; and to which report shall be attached a map or draft of said turnpike road, showing definitely the points between which the same is condemned for public use for the turnpike, road or highway, or part thereof, if the same shall be condemned for public use as aforesaid."

616          TURNPIKE AND PLANK ROAD.

Statement of Facts—Opinion of the Court.   [19 Pa. Superior Ct.

The map attached to the petition is not a map of the entire road, but only of that portion lying in Lackawanna county.

The whole length of the road is not found by the jury, but they do find that fourteen seventeenths of it lies in Lackawanna county.   How they arrive at this conclusion is not disclosed.   The report does not conform to the provisions of of the act above recited; it is therefore irregular and void.

*Errors assigned* were in dismissing exceptions to report of jury of view.

*S. B. Price*, for appellant.

*R. H. Holgate*, for appellee.

OPINION BY BEAVER, J., March 14, 1902:

The proceedings under review, to vacate so much of the Factoryville and Abington Turnpike and Plank Road as lies within the limits of Lackawanna county, were had in pursuance of the provisions of the Act of June 2, 1887, P. L. 306.   The petition contains a description of the road to be vacated and sets forth that it begins at one of the terminal points of the said turnpike and is continuous therefrom to the line between La Plume borough in Lackawanna county and Factoryville borough in Wyoming county.   This is all that is required by the terms of the act referred to.   The title of the act clearly indicates that the proceedings to vacate a turnpike road are to be taken in the county in which the portion to be vacated lies and are to be confined to the portion lying within the limits of that particular county.   It is entitled, "An act authorizing the condemnation of turnpike roads or highways, heretofore or hereafter constructed, wholly or in part in any county of this commonwealth, for public use, free from tolls and tollgates, and the assessment upon the proper county of the damages to which the owner or owners thereof may be entitled by a jury of viewers duly appointed by the court of quarter sessions of the proper county, and providing for the maintenance of any such condemned road or highway by the proper city, township or district."   It is very clear, from a consideration of the provisions of the entire act, that no one county of the commonwealth could

be compelled to pay for any portion of a turnpike lying within the limits of another county.

To what extent the jury of view should consider the reduced value of the portion of the turnpike lying in Wyoming county, by reason of the taking of that portion in Lackawanna county, we need not now consider. This is a certiorari under the provisions of the 6th section of the act and our concern here is simply with the regularity of the proceedings. If the appellant is dissatisfied with the amount of the assessment of damages, it had its remedy under the 8th section which provides for an appeal to the court of common pleas of the proper county and the judgment of which is made "reviewable by the Supreme Court upon writ of error as in other cases." In addition to this, the appellant has failed to print the testimony, upon which the assessment of damages made by the viewers was based. We are unable, therefore, to enter into the consideration of the question of damages, even if we were legally empowered to do so.

As to the third specification of error, which complains that the report of the viewers is irregular and void in that it fails to contain a map of the entire turnpike road, in accordance with the 5th section of the act, it is perhaps enough to say that this section does not require a map of the entire turnpike road to be attached to the report, but a map of only so much thereof as will show "definitely the points between which the same is condemned for public use." Whether or not the map conforms to the requirements of the act, however, we are unable to determine, as it is not printed.

The record, as presented to us for our consideration in the printed paper-book of the appellant, is in all respects regular and conforms to the provisions of the act of assembly under which the proceedings were had. The decree of the court of quarter sessions, in affirming the report of the jury of view and dismissing the appellant's exceptions, is, therefore, affirmed and the appeal dismissed at the costs of the appellant.