## Morrison's Cove Turnpike Road.

*Road law—Turnpike road—Condemnation of turnpike—Exceptions—Appeal—Damages.*

An appeal from an order of the court of quarter sessions dismissing exceptions to a report of a jury of view in proceedings to condemn a turnpike road under the Act of June 2, 1887, P. L. 306, is in fact a certiorari, and the appellate court in reviewing the order will concern itself only with the regularity of the proceedings in the court below. The solution of the question of damages is through an appeal to the court of common pleas from the report of the jury of view.

Argued Oct. 26, 1905. Appeal, No. 183, by the Morrison's Cove Turnpike Company, from order of Q. S. Blair Co., June T., 1903, No. 7, dismissing exceptions to report of jury of view In re Morrison's Cove Turnpike Road. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions to report of jury of view.

BELL, P. J., filed the following opinion:

A careful reading of the Act of June 2, 1887, P. L. 306, Purdon's Digest, p. 2049, "authorizing the condemnation of turnpikes," convinces us that the court alone passes on the question as to whether the turnpike in question should be condemned. After a jury of view has reported in

favor of such condemnation, exceptions filed " shall be heard by the court" which court " may set the same aside or may confirm such report." The appeal allowed by section 8 of said act only applies to the amount of damages allowed by the jury of view; the only question passed on in such appeal is the amount of damages to which the owners of the turnpike are entitled.

In the present instance we have the following elements in favor of the condemnation repetition of the turnpike, namely, a petition of at least twenty-five citizens; the report of the jury of view; petitions in favor of condemnation signed by 229 citizens of North Woodbury township, 124 citizens of Martins- burg, 397 citizens of Taylor township and Roaring Springs, and about 100 citizens of Freedom township.

The only weighty objection to such condemnation is a re- monstrance signed by about an equal number of citizens of said last mentioned township of Freedom. And from our own knowledge of the location of the turnpike, as well as from the testimony in the case, it is evident that unless a portion of the route of the old turnpike is changed, a comparatively heavy burden of maintenance will be imposed on Freedom township. The turnpike, from opposite the Old Gap Company store build- ing to the foot of the Leamersville hill, by reason of its low and flat location and susceptibility to being washed by floods, is kept in repair with difficulty; and the bridge near the rail- road crossing will likewise have to be rebuilt in a few years. These circumstances have caused us to hestitate before con- firming the report of the jury of view.

But, on the other hand, in addition to the petition hereinbe- fore recited, we have the tendency prevalent all through this state, to do away with toll roads, and the fact that the turnpike in question is in very bad condition. Moreover, the burden of maintenance imposed on Freedom township could be greatly lightened by changing the location of the road for a distance of some one-third of a mile. The public could cross the stream at the county bridge near the Old Gap Company store, and a comparatively small amount of work would make a good road passing south of the McKee's railroad station. It would then only be necessary to keep up a portion of the present road for the accommodation of the citizens in the vicinity of Vicksburg.

Now, July 20, 1905, the exceptions are overruled and the report of the jury of view is confirmed absolutely.

*Error assigned* was order dismissing exception to report of jury of view.

A. V. *Dively*, of *Dively & Dively*, for appellants.—The sixth section of the act of June 2, 1887, is unconstitutional: Webster v. Reid, 52 U. S. 437 ; Parsons v. Bedford, 28 U. S. 433 ; U. S. v. La Vengeance, 3 Dall. 297.

W. I. *Woodcock*, for appellee.—This case is before this court on certiorari, under the sixth section of the Act of June 2, 1887, P. L. 306.   Consequently, the court will consider simply and only the regularity of the proceedings : Factoryville, etc., Turnpike & Plank Road, 19 Pa. Superior Ct. 613 ; Chambersburg, etc., Turnpike Road, 20 Pa. Superior Ct. 173 ; Plank Road Co. v. Chester Co., 182 Pa. 40.

OPINION BY ORLADY, J., January 13, 1906 :

This condemnation proceeding of a turnpike road, which had been incorporated by Act of April 11, 1848, P. L. 635, was begun under the provisions of the Act of June 2, 1887, P. L. 306, by a petition of a large number of citizens of the county in which it is located.   The formalities required by the latter statute were strictly followed down to the return of the master and jury of view, which found that it was for the best interests of the people of Blair county that the turnpike should be condemned for public use, to be free from tolls and toll gates, and assessed the damages to which the corporation owner was entitled, in the sum of $2,000.   An appeal from the assessment of damages was taken by the corporation to the court of common pleas, and exceptions were filed to the report of the jury of view, which raised but three questions : 1. That the finding of the jury was not warranted by the weight of the evidence. 2. That the confirmation of the report would impose a great hardship on the township in the continued maintenance of the turnpike as a public highway.   3. The damages awarded were inadequate.   After a full hearing by the court the exceptions were overruled and the report was confirmed absolutely, from

which decree this appeal was taken, as provided by section 6 of the act. While in the nature of an appeal it is in fact a certiorari and our only concern is with the regularity of the proceedings in the court below : Factoryville, etc., Turnpike & Plank Road, 19 Pa. Superior Ct. 613 ; Chambersburg & Bedford Turnpike Road, 20 Pa. Superior Ct. 173. The exceptions filed limited the inquiry to the general propriety of condemning this turnpike for public use, and this is a legislative question rather than a judicial one. The general trend of legislation on this subject has been to relieve the traveling public from the payment of toll charges and impose upon the townships the maintenance of their public highways. The provisions of the act of 1887, dispose of the question of policy in the taking of such property and condemning it for public use, and provides ample methods for securing to the owners of the property full compensation for everything taken from them.

When the terms of the act are followed and the court confirms the report of the jury of view, that part of the case is disposed of finally, and the only remaining question is to ascertain the damages sustained. This is solved through an appeal to the court of common pleas as is provided by section 8 of the act. The latter proposition is yet an open one in the Blair county court, and that case is not now before us for review.

The proceedings before the master and jury are free from error and the decree of the court is affirmed.